UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Theodore Jackson,  Case No. 1:16-cv-3080

    Petitioner

  v.  MEMORANDUM OPINION
 AND ORDER

Brigham Sloan,

    Respondent

*Pro se* petitioner Theodore Jackson, an Ohio prisoner incarcerated in the Lake Erie Correctional Institution, has filed this action for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He asserts his constitutional rights were violated, and seeks an "Emergency Stay," in connection with a 1981 state court case in which he was convicted of aggravated robbery. *See State of Ohio v. Jackson*, Case No. CR-81-162099 (Cuyahoga Cty. Ct. of Comm. Pls.).

Promptly after the filing of a *habeas* petition, the district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing §2254 Cases in the United States District Courts (applicable to §2241 petitions pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face").

I must summarily dismiss this petition. District courts are authorized, under 28 U.S.C. § 2241, to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of

1

the Constitution of law or treaties of the United States.  *See* 28 U.S.C. § 2241(c)(3).  The Sixth Circuit, however, has made clear "that regardless of the label on the statutory underpinning for [a] petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254."  *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002).  A petitioner cannot evade the procedural requirements of §2254, included its restrictions on the availability of second and successive petitions, by filing a §2241 petition.  *See id.*

Accordingly, petitioner's asserted claims must be pursued pursuant to §2254 in accordance with its procedural requirements, and not pursuant to §2241.  I note that petitioner has already filed at least two prior actions in this district seeking relief from state convictions pursuant to §2254.  *See Jackson v. Sloan*, Case No. 1; 13 CV 1326 (Gaughan, J.); *Jackson v. Sloan*, No. 1: 15 CV 782 (Lioi, J.).

## Conclusion

Petitioner's motion to proceed *in forma pauperis* in this case (Doc. No. 2) is granted, but for the reasons stated above, his §2241 petition and motion for emergency stay is denied and this action is dismissed.  I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability as jurists of reason could not conclude that petitioner is entitled to seek relief under §2241.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge